# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| MICHAEL ALONZA RUFUS, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sheriff JONATHON CHAPMAN, *et al.*, | : | NO. 3:11-CV-74 (CAR) |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **MICHAEL ALONZA RUFUS**, a detainee at the Walton County Detention Center ("WCDC"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the required initial partial filing fee of $25.10, as previously ordered by this Court. Plaintiff will be obligated to pay the unpaid balance of $324.90, as will be directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order to the business manager of the WCDC.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v.***

*Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28

U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. INITIAL MOTIONS

Since filing his complaint, Plaintiff has submitted three motions to amend (Docs. 5, 16, & 18) and two motions "In Re Changed Circumstances" (Docs. 6 & 10). In light of Plaintiff's *pro se* status, all of Plaintiff's motions are hereby **GRANTED** and the allegations contained therein are addressed below. The Court nevertheless cautions Plaintiff against continuing to make piecemeal filings in this Court. Plaintiff's present filings are more than sufficient for the Court to evaluate Plaintiff's claims. To the extent Plaintiff has issues with his state court proceeding, he should address those issues with that court. ***See Younger v. Harris,*** 401 U.S. 37 (1971) (requiring that federal courts not interfere with ongoing state criminal actions).

## III. BACKGROUND

Plaintiff sues Sheriff Jonathon Chapman, the WCDC, and Judge Samuel D. Ozburn. Plaintiff's primary allegation against Sheriff Chapman and the WCDC is that he has been denied access to a law library so that he may defend his pending state criminal action. Plaintiff had previously been appointed counsel, but he had his appointed attorney withdraw so that Plaintiff could defend himself. *See* Doc. 10-1, pp. 8-9, 16. Plaintiff sues Judge Ozburn because he unlawfully "delegated the authority" to the other Defendants to deny Plaintiff access to the courts.

Plaintiff additionally alleges that a policy of the WCDC requires that all inmate personal mail be in postcard form. Other than legal mail, letters enclosed in envelopes are allegedly prohibited.

3

## IV. DISCUSSION

### A. Dismissed Defendants

#### 1. WCDC

The WCDC is not an entity capable of being sued under section 1983. ***See, e.g., Waller v. Horn,*** No. 5:06-cv-114 (WDO), 2006 WL 1582413, at *2 (M.D. Ga. June 6, 2006) (holding the Putnam County Jail is not a suable entity for section 1983 purposes). Accordingly, it is **RECOMMENDED** that the WCDC be **DISMISSED** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

#### 2. Judge Samuel D. Ozburn

Judges are entitled to absolute immunity from damages for acts taken in their judicial capacity, unless they acted in the "'clear absence of all jurisdiction.'" ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978); ***Simmons v. Conger***, 86 F.3d 1080, 1084-85 (11th Cir.1996). This immunity applies even when the judge's acts are in error, malicious, or in excess of his or her jurisdiction. ***See Stump***, 435 U.S. at 356. There is no suggestion that Judge Ozburn was acting outside his jurisdiction. Judge Ozburn is therefore entitled to absolute immunity. Accordingly, it is **RECOMMENDED** that Judge Ozburn be **DISMISSED** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### B. Access to Courts Claim

Prisoners have a constitutional right of access to the courts. ***Bounds v. Smith***, 430 U.S. 817, 821 (1977). That right may be met "by providing prisoners with adequate law libraries **or** adequate assistance from persons trained in the law." ***Id***. at 828 (emphasis added); ***see also Akins v. United States***, 204 F.3d 1086, 1090 (11th Cir. 2000) ("The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment."). A criminal defendant who seeks to represent himself has "no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel." ***Smith v. Hutchins***, 2011 WL 1811264, *3 (11th Cir. May 12, 2011)(listing cases that adopt this principle). The state's obligation to provide meaningful access to the courts is sufficiently satisfied by offering the defendant the assistance of appointed counsel.

In the present case, Plaintiff was appointed counsel, but chose to defend himself. Moreover, Plaintiff's voluminous filings indicate that his decision to waive counsel satisfied the Sixth Amendment. ***See Id***. at * 2; ***United States v. Byrd***, 208 F.3d 592, 593 (7th Cir. 2000) (pretrial detainee who rejects an offer of court-appointed counsel in satisfaction of the Sixth Amendment right to counsel has no alternative right to access to a law library).

In the light of the foregoing, it is hereby **RECOMMENDED** that Plaintiff's access to courts claim be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### C. Mail Claim

A prison official's right to review or restrict a prisoner's outgoing personal mail is somewhat limited. The United States Supreme Court has held that prison officials may review and censor inmates outgoing non-attorney mail only if: "(1) the practice furthers an important or substantial governmental interest unrelated to the suppression of expression; and (2) the limitation of First Amendment rights is no greater than necessary or essential to protection of the governmental interest." Johnson v. Smith, 2:10-CV-236, 2011 WL 344085 *4 (N.D. Ga. February 1, 2011) (citing Procunier v. Martinez, 416 U.S. 396, 412-13 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989)); Thornburgh, 490 U.S. at 411 (finding that outgoing personal correspondence does not, by its very nature, pose a serious threat to prison order and security). Thus, allegations about an unjustified limitation on outgoing prisoner mail states a plausible First Amendment claim, and dismissal of such a claim at the frivolity stage would be premature. Johnson, 2011 WL 344085 at 5; see also Lindell v. Frank, 377 F.3d 655, 657-58 (7th Cir. 2004) (dismissal of claim based on alleged arbitrary confiscation of postcards was premature at screening stage).

While it is quite possible that the alleged postcard policy exists for a valid security reason, the Court cannot make that assumption. Indeed, it is equally plausible that the policy merely facilitates improper censorship of outgoing mail or that officials could address their concerns by less restrictive means such as requiring inmates to submit unsealed envelopes for mailing. See id. The Court, therefore, finds Plaintiff's allegations regarding this claim sufficient to proceed beyond the frivolity review stage. For this reason, the Court will allow the claim to go forward.

In light of the foregoing, it is hereby **ORDERED** that service be made on Defendant Sheriff Jonathon Chapman, and that he file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that she must diligently prosecute her complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel,

however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The

scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained,</u> **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein she is held in custody, and any successor custodians, shall each month cause to be remitted

to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

**SO ORDERED** and **RECOMMENDED**, this 28th day of July, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge