IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **MICHAEL ALONZA RUFUS,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | No. 3:11-CV-74 (CAR) |
| : | |
| **Sheriff JONATHON CHAPMAN,** *et al.*, : | |
| : | |
| Defendants. : | |

**ORDER ON MAGISTRATE JUDGE'S ORDER AND RECOMMENDATION**

This matter comes before the Court on the United States Magistrate Judge's Report and Recommendation [Doc. 21], in which the Magistrate Judge grants Plaintiff's motions to amend and motions "In Re Changed Circumstances" [Docs. 5, 6, 10, 16 & 18], and recommends dismissing Plaintiff's claims against the Walton County Detention Center and Judge Samuel Ozburn and dismissing Plaintiff's access to courts claim, but allowing Plaintiff's First Amendment prison mail claim to proceed. Plaintiff filed a timely objection [Doc. 26]. Having reviewed de novo the Recommendation and Plaintiff's objections, the Court agrees with the Magistrate Judge's recommendations. Accordingly, the Magistrate Judge's Order and Recommendation is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**.

The Magistrate Judge recommends dismissing all claims against the Walton County Detention Center because it is an entity that cannot be sued under section 1983. Plaintiff does not challenge that recommendation. The Court agrees with that recommendation; the Walton County Detention Center is **DISMISSED** as a defendant.

1

The Magistrate Judge recommends dismissing all claims against Judge Samuel D. Ozburn because he is entitled to absolute judicial immunity.  Plaintiff contends that Judge Ozburn is not entitled to absolute judicial immunity in this case because he acted in the clear absence of jurisdiction.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  It is not entirely clear what actions Judge Ozburn has allegedly taken that have harmed Plaintiff's constitutional protected interests.  Nonetheless, there is no indication that any actions taken by Judge Ozburn, who is apparently presiding over Plaintiff's criminal matter in state court, in relation to Plaintiff were made in the "clear absence of all jurisdiction." Id.  The Court agrees with the Magistrate Judge's recommendation; Judge Samuel D. Ozburn is **DISMISSED** as a defendant.

The Magistrate Judge recommends dismissing Plaintiff's access to courts claim because the state provided Plaintiff with appointed counsel.  Plaintiff then chose to defend himself.  In the Eleventh Circuit, "a criminal defendant who seeks to proceed *pro se* has no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel." Smith v. Hutchins, No. 10-11440, 2011 WL 1811264 (11th Cir. May 12, 2011) (citing Edwards v. United States, 795 F.2d 958, 961 nn. 1, 3 (11th Cir. 1986), and cases from the Fourth, Fifth, Seventh, and Ninth Circuits to the same effect).  Plaintiff contends that rule is not applicable here because Plaintiff's appointed counsel was ineffective.  Plaintiff contends that appointed counsel was ineffective because counsel "failed to subject the prosecution's claims that Plaintiff was a 'citizen of the United States' thereby subject to the laws for that community and court enacted to enforce those laws to a meaningful adversarial process."  Plaintiff believes that appointed counsel was "not aware of the distinctions between Plaintiff's political and civil status as a 'private citizen of South Carolina' as opposed [to a] citizen of the United States."  In short, it

appears that Plaintiff wishes to pursue the argument in his criminal case that the State of Georgia violated his right to travel by enforcing its criminal laws against him and that somehow his status as a citizen of South Carolina as opposed to a citizen of the United States will play into this argument.  It also appears he might be attempting to argue that Georgia state courts lack personal jurisdiction over him in his criminal case because he is a citizen of South Carolina.  Even assuming that Plaintiff is correct that his right of access to courts would not be satisfied by the State appointing ineffective counsel, the Court finds no indication that appointed counsel was ineffective for allegedly failing to comprehend or make these arguments.  The Court agrees with the Magistrate Judge's recommendation; Plaintiff's access to courts claim is **DISMISSED**.

In his Objections, Plaintiff states that the Magistrate Judge failed to adjudicate his claims based on a denial of "Notarial Services."  Plaintiff's allegations concerning the alleged denial of notarial services appear to be nothing more than factual allegations concerning his access to courts claim.  Having considered the allegation that Plaintiff was denied access to a notary at one point, the Court finds that such allegation does not change its disposition of Plaintiff's access to courts claim.

Finally, the Magistrate Judge recommends allowing Plaintiff's First Amendment mail claim to proceed against Defendant Sheriff Jonathan Chapman.  The Court agrees with the Magistrate Judge's recommendation.  Plaintiff may pursue his First Amendment mail claim against Defendant Chapman.  The Court reminds Plaintiff of his obligation to follow the requirements set forth in the Magistrate Judge's Order and Recommendation.

## CONCLUSION

In accordance with the Report and Recommendation of the United States Magistrate

Judge, Defendants Walton County Detention Center and Judge Samuel D. Ozburn are **DISMISSED** as defendants; Plaintiff's access to courts claim is **DISMISSED**; and Plaintiff may proceed with his First Amendment mail claim against Defendant Chapman.

SO ORDERED this 17th day of August, 2011.

<u>S/   C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

bcw