IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MICHAEL ALONZA RUFUS | : |
| | : |
|     Plaintiff, | : |
| v. | : |
| | :    NO. 3:11-cv-74 (CAR) |
| Sheriff JONATHON CHAPMAN, *et al.,* | : |
| | : |
|     Defendants. | : |
| _____ | : |

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

This matter comes before the Court on Plaintiff Michael Rufus's Motion for Reconsideration [Doc. 28] and Plaintiff's Motion to Amend Complaint, to Add District Attorney Marie Greene as a Defendant, and to Request Preliminary Injunctions [Doc. 29]. For reasons discussed below, these two motions are **DENIED**.

Over the course of Plaintiff's initial Complaint and three subsequent amended complaints, Plaintiff, proceeding *pro se*, sued Judge Samuel D. Ozburn, Sheriff Johathan Chapman, and the Walton County Detention Center (WCDC) in several claims. In a series of access to court claims, Plaintiff sued Judge Ozburn, who is apparently presiding over Plaintiff's criminal matter in state court, alleging that Judge

1

Ozburn unlawfully "delegated the authority" to other Defendants to deny Plaintiff access to the court, that Judge Ozburn acted in the "clear absence of all jurisdiction," and that he appointed an ineffective attorney. Second, Plaintiff's primary allegation against Sheriff Chapman and the WCDC is that he was denied access to the law library and denied access to "Notarial Services" after choosing to defend himself in his criminal action.  Plaintiff also alleged in a claim against Chapman and the WCDC that the WCDC mail policy violates his First Amendment right.

In the adopted Order and Recommendation of the Magistrate Judge, this Court dismissed Plaintiff's access to court claims against the WCDC because it was an entity that cannot be sued under Section 1983.  Likewise, this Court dismissed all claims against Judge Ozburn because he was entitled to absolute judicial immunity.  The Court dismissed the remaining of Plaintiff's access to court claims on the basis that a criminal defendant who chooses to represent himself does not have a right to access a law library where he has already been provided the option of legal counsel; that the alleged denial of "Notarial Services" is insufficient to establish an access to court claim; and that there was no indication that Plaintiff's appointed counsel was

2

ineffective. However, this Court found Plaintiff's First Amendment mail claim against Defendant Chapman sufficient to proceed. [Doc. 27]. Plaintiff has now filed both a Motion for Reconsideration challenging the dismissal of his access to court claims and his *fourth* Motion to Amend Complaint by alleging additional facts in support of his access to court claims against Judge Ozburn, by adding District Attorney Marie Greene as a defendant, and by requesting preliminary injunctions.

Looking first at the motion for reconsideration, Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. Instead, the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). Courts generally grant motions for reconsideration when there is "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." Id. "'[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined.'" Pennamon v. United Bank, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quoting Am. Ass'n of People with

3

Disabilities v. Hood, 278 F.Supp.2d 1337, 1340 (M.D. Fla. 2003).

There is nothing in Plaintiff's motion showing that the law has changed, that new evidence has been discovered, that the Court made a clear error of law, or that the order was unjust.  And in the case of Plaintiff's argument that his appointed attorney was ineffective, Plaintiff does nothing more than simply restate his previous argument in different words.

Additionally, Plaintiff asserts that he is not seeking monetary relief from Judge Ozburn and therefore the absolute immunity defense does not apply.  However, this assertion is misplaced. The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provided that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000). As Plaintiff has failed to plead the existence of either of these exceptions, his claim against Judge Ozburn is still subject to dismissal.

Plaintiff also argues that he was denied "Notarial Services" "by all notarized

4

authorized officials at the Detention Center . . . when Plaintiff began to represent himself." However, even when liberally construing Plaintiff's filings, paying special attention to the pages that Plaintiff specifically cited, there are insufficient factual allegations to establish that Plaintiff was denied notarial services when he represented himself in his state criminal proceeding. Furthermore, even if these factual allegations were sufficient, they do not demonstrate that Plaintiff has been prejudiced as a result. See Lewis v. Casey, 518 U.S. 343, 346 (1996) (holding that Plaintiff must not only show the denial of alleged access but also that the failure "hindered his efforts to pursue a legal claim").[1]

As explained above, Plaintiff has also filed a motion to amend his complaint, [Doc. 29], even after this Court cautioned Plaintiff from "continuing to make piecemeal filings." [See Doc. 21]. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend his pleading "once as a matter of course" 21 days after serving the pleading or "21 days after service of a responsive pleading or 21 days after service of a

---

[1] Plaintiff makes only one factual assertion that could be, if liberally construed, interpreted as an injury. [Doc. 6 p. 4]. However, Plaintiff alleges this occurred during a time when he was still represented by an attorney. Wilson v. Blankenship, 163 F.3d 1284 (11th Cir. 1998) (explaining that plaintiff was denied access to a law library but failed to show actual legal injury because he was represented by counsel).

5

motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15.  In other cases, a party can amend only with written consent of the opposing party or "the court's leave." There is not a provision for amending a complaint that has already been dismissed.  The Court, however, realizes that plaintiff is proceeding *pro-se* and will nevertheless consider his motion to amend as a second motion for reconsideration.  See <u>Nichols v. Head</u>, 2010 WL 4261395, *2 (M.D. Ga. 2010) (treating a motion to amend filed after the action had been dismissed as a second motion for reconsideration).

In his motion to amend, Plaintiff reasserts his access to court claim against Judge Ozburn by detailing the proceeding in which Plaintiff questioned the state court's jurisdiction. However, these additional alleged facts do not change the finding of this Court's previous Order that Judge Ozburn was entitled to absolute judicial immunity. See <u>Bolin</u>, at 1239.  Furthermore, even assuming arguendo that Judge Ozburn was not entitled to such immunity, these facts do not persuade the Court that Plaintiff has sufficiently alleged an access to court claim.

Also in his motion to amend, Plaintiff seeks to add Marie Greene, the district

6

attorney assigned to his state criminal case, as a defendant. Plaintiff asserts that Ms. Greene violated his constitutionally protected interests by "continuing prosecuting [sic] the matters of [his] criminal case . . . which was being challenged in the Application for Writ of Habeas Corpus."  However, Ms. Greene is entitled to prosecutorial immunity as her decision to continue to prosecute Plaintiff falls within the prosecutor's role as an advocate for the state. See <u>Hart v. Hodges</u>, 587 F.3d 1288, 1298 (11th Cir. 2009) ([T]he determination of absolute prosecutorial immunity depends on the nature of the function performed, not whether the prosecutor performed that function incorrectly or even with dishonesty."). Moreover, even if Ms. Greene was not entitled to immunity, there is no indication that any actions taken by Ms. Greene have deprived Plaintiff of his right of access to court. Accordingly, there is nothing in Plaintiff's motion to amend showing that the law has changed, that new evidence has been discovered, that the Court made a clear error of law, or that the order was unjust.

Finally, Plaintiff again requests that this Court issue preliminary injunctions "as justice requires." Plaintiff, however, does not specifically state what or who he wishes to be enjoined. Assuming Plaintiff requests an injunction against Ms. Greene from

7

prosecuting his state criminal proceedings, the Court recommends he address those issues with that court. See Younger v. Harris, 401 U.S. 37 (1971) (requiring that federal courts not interfere with ongoing state criminal actions).  And assuming that Plaintiff requests an injunction against Judge Ozburn, the Court restates that under the Federal Courts Improvement Act of 1996, it is unable to do so. See Bolin, 225 F.3d at 1242.

Based on the above, Plaintiff's Motion for Reconsideration [Doc. 28] and Motion to Amend Complaint, to Add a Defendant, and to Request Preliminary Injunctions [Doc. 29] are **DENIED**. Regarding Plaintiff's request to "receive a print out of the appeal process to the Eleventh Circuit," such a request is premature as the instant action has not reached a final judgment due to the ongoing First Amendment mail claim against Sheriff Jonathan Chapman. See 28 U.S.C. § 1291; Riley v. Kennedy, 324 U.S. 229, 233 (1945) ("A final judgment is 'one which ends litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (quoting Catlin v. United States, 324 U.S. 229, 233 (1945))). As per Plaintiff's request to be provided with a Standard Form 95, the Clerk has been **DIRECTED** to forward a SF-95 to Plaintiff.

**SO ORDERED,** this  22nd day of September, 2011.

                                                  S/  C. Ashley Royal
                                                  C. ASHLEY ROYAL
                                                  UNITED STATES DISTRICT JUDGE

LMH/jlr