IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **MICHAEL ALONZA RUFUS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 3:11-cv-74 (CAR) |
| | : | |
| **Sheriff JONATHON CHAPMAN,** et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## RECOMMENDATION ON MOTIONS TO AMEND

On August 17, 2011, this Court entered its initial Order pursuant to 28 U.S.C. § 1915A (Doc. 27), dismissing as frivolous all claims except a First Amendment challenge to an alleged policy requiring inmates of the Walton County Detention Center to use postcards for all personal mail. Since the entry of that order, Plaintiff has filed two Motions to Amend his Complaint and a "Motion for Clarification," which the Court also construes as a motion to amend.

The Court has previously granted three motions filed by Plaintiff to amend his complaint (Doc. 21). Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, leave of court (or consent of the Defendants) is therefore required for the instant amendments. Construing Plaintiff's filings liberally, the Court finds that the proposed amendments fail to state a claim upon which relief may be granted.

The three new motions relate to Plaintiff's attempts to pursue a petition for writ of habeas corpus in the courts of the State of Georgia. In his first Motion to Amend (Doc. 30), Plaintiff alleges that the Clerk of Court of Walton County failed to file his petition for two weeks after he placed the petition in the mail. He fails to allege, however, that his petition was rejected as untimely. In his

second Motion to Amend (Doc. 39), Plaintiff further alleges that unnamed jail officials failed to provide him with a form for filing a petition for mandamus. He claims that he requested the form on September 22, 2011, and still had not received it as of October 3, 2011. He does not allege, however, that any such delay in receiving the form has foreclosed his ability to seek the requested relief. Because the proposed amendments do not indicate that Plaintiff has suffered any injury as a result of the alleged actions, they fail to state a claim upon which relief can be granted.

The Court further notes that Plaintiff has failed to allege an injury because it is apparent from the face of his proposed amendments that the claims he sought to pursue in the state courts were frivolous. To establish a claim for denial of access to courts, a prisoner must show that prison officials impeded his "pursuit of a **nonfrivolous**, post-conviction claim or civil rights action." Al-Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir. 2008) (quoting Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998). In his two motions and in his "Motion for Clarification," Plaintiff goes into great detail about the nature of his claims for habeas and mandamus relief. He alleges that he is unlawfully in custody

> under unlawful legal presumptions Plaintiff is the "Ens Legis," MICHAEL ALONZA RUFUS, which is an artificial being created by an incorporationing that cannot be lawfully imposed upon Plaintiff under the unlawful presumptions Plaintiff is being subjected to "special laws" he is exempt from in his true and only proper person.

Doc. 39 pp. 2-3. He has submitted as an exhibit an "Oath of Purgatory," apparently filed in the office of the Clerk of Court of Lee County, South Carolina, which purports to establish him

> as a freeholder in the American sense and nonresident of "this state" (STATE OF SOUTH CAROLINA) or any other political corporation of a forum state within a "body politic or corporate" repugnant to affiant's freedom of religion and free exercise of religious belief and accountability to the universal laws of Nature and Nature's God and whose right to religious conscience is that of a free agency as originally embodied upon the adoption of the Constitution, i.e., that of an inherent, natural sense of moral conduct towards mankind.

Doc. 37-1.  To the extent that Plaintiff's claim is comprehensible, he appears to be claiming that he has a personal status that exempts him from the authority of state law.  His claims, although nonsensical and largely incomprehensible, are familiar to this Court and to courts across the country.  See, e.g., United States v. Beeman, 2011 WL 2601959 (W.D. Pa., June 30, 2011). Because his claims for habeas or mandamus relief were patently frivolous, Plaintiff cannot show an actual injury resulting from any impediment to his filing the petitions.  It is therefore **RECOMMENDED** that the motions (Docs. 30, 37, 39) be denied as futile.  Foman v. Davis, 371 U.S. 178, 182 (1962); Burger King Corp. v. C.R. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999) (noting that futility is an adequate basis for denying leave to amend).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 12th day of October, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge