IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **MICHAEL ALONZA RUFUS,** | : |
| Plaintiff, | : NO.  3:11-CV-74 (CAR) |
| VS. | : |
| **JONATHAN CHAPMAN,** | : Proceedings Under 42 U.S.C. §1983 |
| Defendant. | : Before the U.S. Magistrate Judge |

**ORDER**

    Plaintiff Michael Alonza Rufus has filed a motion requesting that this Court appoint counsel to represent him in his lawsuit brought pursuant to 42 U.S.C. § 1983.  Doc. 42.  Generally, no right to counsel exists in civil rights actions.  See Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1986); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975).  Appointment of counsel is a privilege that is justified only by exceptional circumstances.  Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982).  In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented.  Holt v. Ford, 682 F.2d 850, 853 (11th Cir. 1989).

    In accordance with Holt, and upon a review of the record in this case, the Court notes that the Plaintiff has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent.  As such, his Motion to Appoint Counsel is **DENIED**.  Should it later become apparent that legal assistance is required in order to avoid prejudice to the Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time.  Consequently, there is no need for the Plaintiff to file additional requests for counsel.

    **SO ORDERED**, this the 14th day of October, 2011.

                                                       s/ Charles H. Weigle
                                                       Charles H. Weigle
                                                       United States Magistrate Judge