IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MICHAEL ALONZA RUFUS | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 3:11-cv-74 (CAR) |
| Sheriff JONATHON CHAPMAN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON RECOMMENDATION

This matter comes before the Court on the United States' Magistrate Judge's Recommendation [Doc. 41] to deny *pro se* Plaintiff Michael Rufus' Motions to Amend [Docs. 30, 39] and his "Motion for Clarification" [Doc. 37]. Plaintiff filed a timely Objection to the Recommendation. [Doc. 44]. Subsequently, Plaintiff filed a Motion to Dismiss Defendants Chapman and Clerk of Court of Walton County [Doc. 46] for an access to court claim that he raised in his Motion to Amend, Doc. 39. After careful consideration, this Court agrees with the United States Magistrate Judge and finds that Plaintiff's Motion to Amend [Doc. 39], Motion to Amend [Doc. 30], and Motion for Clarification [Doc. 37], should be denied. The Recommendation of the United States Magistrate Judge is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**. As a result, Plaintiff's Motion to Dismiss an access to courts claim raised against

1

Defendants in a motion to amend is **DENIED AS MOOT**.  [Doc. 41].

Plaintiff filed suit on May 31, 2011, alleging several access to courts claims and a First Amendment mail claim.  In an Order dated August 17, 2011, this Court adopted the Magistrate Judge's Recommendation to dismiss Plaintiff's access to courts claim against Walton County Detention Center and Judge Samuel D. Ozburn.  Doc. 27.  In response, Plaintiff filed a Motion for Reconsideration and a Motion to Amend/Correct his Complaint, the latter of which the Court construed as a second motion for reconsideration.  See Doc. 31.  On September 22, 2011, this Court denied these motions and Plaintiff's Motion for a Preliminary Injunction.  See  Doc. 31.

Plaintiff has since filed two motions to amend his access to courts claim and one "motion for clarification."  In the Magistrate Judge's Recommendation, the findings of which are before the Court today, the Magistrate Judge construed Plaintiff's motion for clarification as a third motion to amend.  Additionally, the Magistrate Judge denied Plaintiff's motions because they failed to state a claim upon which relief may be granted.  In addition to at least four other separate pending motions filed as of the date of this Order, Plaintiff has filed a Motion to Dismiss Defendants Chapman and Clerk of Court of Walton County, Doc. 46, for an access to courts claim that he raised in his Motion to Amend, Doc. 39.

**Plaintiff's Objection to the Magistrate Judge's Recommendation**

2

Plaintiff's strongly worded and somewhat convoluted Objection appears to discuss several varying, and, at times, repetitive topics. The Court was able to identify two themes raised in his Objection that specifically address the Magistrate Judge's Recommendation. First, Plaintiff attempts to salvage his access to courts claim by alleging that he suffered actual injury due to several defects in the state pre-trial habeas procedure. However, defects in state habeas corpus procedures "do not constitute grounds for relief in federal court." Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999) (citing Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (holding that habeas corpus relief is not available to correct alleged errors in state habeas proceedings)); see Collins v. Frank Murphy Hall of Justice, No. 2:09-12315 2, 2009 WL 1799121, at *1 (E.D. Mich., June 22, 2009) (defects in state post-conviction proceedings could not constitute grounds for an access to courts claim). Accordingly, Plaintiff has failed to allege an access to courts claim for which relief may be granted.

However, even assuming Plaintiff's access to courts claim did not challenge state habeas procedures, Plaintiff's claim still nevertheless would be denied for failure to allege actual injury. The Eleventh Circuit has clearly stated that a plaintiff raising an access to courts claim "must show actual injury before seeking relief." Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998). Actual injury requires a showing of "ultimate prejudice or disadvantage." Chandler v. Baird, 926 F.2d 1057, 1063 (11th Cir.

3

1991).  Such a showing must be in regards to "prospective or existing litigation," such as "missing filing deadlines or being prevented from presenting claims."  Wilson, 163 F.3d at 1290 n.10.

In his Objection, Plaintiff alleges that his initial appearance in Georgia Superior Court, held within eight days of filing his habeas petition, did not qualify as a habeas hearing per Section 9-14-5 of the Official Code of Georgia.  However, whether an initial appearance qualifies as a habeas hearing is an issue that has yet to be decided by the Georgia courts.  See Smith v. Nichols, 270 Ga. 550, 553 (Ga. 1999) ("We need not decide today whether an incarcerated defendant's appearance in a courtroom satisfied the statutory mandate that the defendant be produced for the purpose of an examination into the cause of the habeas petition's detention." (quotation omitted)).  Moreover, even if his initial appearance does not qualify as a habeas hearing, Plaintiff still fails to allege what, if any, actual injury occurred as a result of not having the hearing.  This is especially so because in his Objection, Plaintiff admits that he was able to explain his habeas concerns to a habeas court, and therefore had a habeas hearing: "Had Undersigned's claims been frivolous in the state habeas court that court could have easily said so."  Doc. 44 p.6.

Plaintiff also attempts to allege actual injury by stating that he is being deprived of his right to petition the government for mandamus.  However, as stated

4

by the Magistrate Judge in his Recommendation, Plaintiff does not allege that the delay "has foreclosed his ability to seek the requested relief." Doc. 41, p2.

Plaintiff's second theme in his Objection is a series of reasons of why his is innocent in his state court criminal case. To the extent that Plaintiff objects to the Magistrate Judge's decision to refrain from interfering with an ongoing state criminal proceeding, this Court must decline to do so as well. A federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court. Thompson v. Wainwright, 714 F.2d 1495, 1503 (11th Cir. 1983) (citing Younger v. Harris, 401 U.S. 37 (1971)). This includes issuing an injunction to stop state court criminal proceedings. See Younger, 401 U.S. at 45 (holding federal courts may not enjoin state court criminal prosecutions absent exceptional circumstances). Such abstention by this Court does *not*, as Plaintiff asserts, "prove issues of concerted criminal acts" between "this Court's officials and [the] involved state official." Doc. 6, p.44. Abstention is not a new concept to Plaintiff as the Court and Magistrate Judge have both previously informed Plaintiff of this legal proposition. See Docs. 31, 21.

In addition to discussing Plaintiff's thematic arguments, the Court would also like to address a separate issue. Repetitive arguments, filings, and requests, on matters previously decided by the Court, similar to Plaintiff's second thematic argument above, is undoubtedly considered a frivolous argument. Rule 11(b) of the

5

Federal Rules of Civil Procedure imposes a duty upon attorneys and *pro se* parties to "refrain from filing or pursuing frivolous claims." Fed. R. Civ. P. 11; Rueter v. Merrill Lynch, 440 F.Supp.2d 1256, 1266 (N.D. Ala. 2006). Although reluctant to do so, a district court is certainly within its discretion to impose sanctions on a *pro se* litigant who violates Rule 11. United States v. Morse, 532 F.3d 1130, 1133 (11th Cir. 2008) (imposing sanctions on plaintiff because his arguments were frivolous and he had been warned by the Court not to raise them); Dean v. ARA Envtl. Serv., 124 F.R.D. 224, 227 (N.D. Ga. 1988) ("*pro se* litigants are not immune from Rule 11 sanctions").

Here, the Court refrains from exercising its discretion to sanction Plaintiff. However, the Court warns Plaintiff that filing motions and raising arguments that have already been decided by the Court is frivolous and in violation of Rule 11. Such action goes beyond zealous lawyering. See Mirabilis Ventures, Inc. v. Palazar Grp., LLC, No. 6:07-cv-1788-ORL-28GJK, 2010 WL 5582878, *8 (M.D. Fla. Dec. 15, 2010) ("Rule 11 should not have a chilling effect on zealous or novel arguments).

**Plaintiff's Motion to Dismiss**

Plaintiff's Motion to Dismiss, Doc. 46, somewhat cryptically requests that the Court dismiss Defendants Chapman and Clerk of Court of Walton County for an access to court claim previously raised in his Motion to Amend, Doc. 39. However, as explained above, Plaintiff's Motion to Amend, Doc. 39, is denied on the merits.

Accordingly, Plaintiff's Motion to Dismiss Defendants [Doc. 46] is **DENIED AS MOOT**.

In conclusion, the Court finds that Plaintiff's Objections are without merit and therefore agrees with the Magistrate Judge's Recommendation that Plaintiff's motions to amend, Doc. 30, 39, and his motion for clarification, Doc. 41, should be denied. Accordingly, the Magistrate Judge's Recommendation [Doc. 41] to deny Plaintiff's Motions to Amend [Docs. 30, 39] and his Motion for Clarification [Doc. 41] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**.  Plaintiff's Motion to Dismiss [Doc. 46] is **DENIED AS MOOT**.

**SO ORDERED,** this  23rd day of December, 2011.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH