IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA

MICHAEL ALONZA RUFUS,

V.

SHERIFF JONATHAN [SIC] CHAPMAN    CASE NO. 3:11-CV-00074

PLAINTIFF'S RESPONSE TO
MOTION OF DEFENDANT SHERIFF JOSEPH I. CHAPMAN
TO DISMISS OR FOR SUMMARY JUDGMENT

COMES NOW Michael Alonza Rufus, hereinafter Plaintiff, in objecting to defendant's motion to dismiss or for summary judgment due to the following:

First and foremost though the Defendant and Major Wade Harris can competently state that the Plaintiff is in the custody of Walton County Detention Center neither has stated or provided competent evidence that Plaintiff is lawfully in the custody of this facility or have they rebutted Plaintiff's averment of status in his initial petition.

In evaluating the aforementioned this Court must take JUDICIAL NOTICE that per Art.1, Sec.1, Par. VII of Georgia's Constitution the General Assembly is "mandated" to make particular laws to protect the personal rights ascribed said class of persons. The General Assembly is also prohibited from making special laws that affect the status and rights of a class of persons identified Art.III, Sec. VI, Par. IV(c) of Georgia's Constitution. Clearly the former category of persons are not exempt from special laws. In enforcing this distinct classification of laws as applicable the classification of persons OCGA § 50-2-21(a) requires that the laws of this State be applied to persons whether as citizens, denizens or temporary sojourners. Undoubtedly, I as a temporary sojourner am mandated to be put on the same footing as the class of person I am.

Plaintiff is unlawfully in custody of the defendant under the unlawful legal presumption

1 of 5

that he is not a private person,[1] Art. III, Sec. VI, Par. IV(c), and therefore being and have been unconstitutionally subjected to the ordinary process of trial as those persons identified Art. I, Sec. I, Par. VII which violates his individual guarantee of equal protects under both Constitutions. The Courts of Georgia do not operate pursuant to "universal" jurisdiction, powers, and rules of procedures and practice, Art. VI, Sec. I, Par. V, which would be absurd to suppose under it's dual system of laws.

From this perspective Plaintiff alleges that he is not a lawful member of the Walton County Detention Center to be held liable to it's administrative process.[2] Further Plaintiff alleges that the Prisoner's Litigation Reform Act (PLRA) is an unconstitutional special law being enforced universally upon persons of his class, Art. III, Sec. VI, Par. IV(c), in violation of the equal protection clause, First Amendment and the due process clause of the U.S. Constitution. Clearly the Federal Rules of Civil Procedures and applicable statutory provisions are general laws enacted to protect private persons access to the federal courts in seeking relief for deprivation and destruction of absolute personal rights guaranteed the people by the Bill of Rights. Contrarily by the unconstitutional universal use and application upon Plaintiff based upon the unconstitutionally presumed theory that he is lawfully in the defendant's custody as a class of person he is not he is unconstitutionally being deprived of guarantees due to him to protect his distinct personal rights properly identified as inalienable

The officials of this court having shown an obvious partiality towards the Defendant forces Plaintiff to submit an alternative defense in regards to the exhaustion requirement. A review of Plaintiff's deposition evidences that Plaintiff had no way of knowing that this facility had a second step to it's exhaustion requirement. See pg 8 thru 10 and pg 26 thru 27 of Doc 68-5. Not only is the aforementioned competent evidence but Plaintiff attaches a list of inmates who were housed in cell 12 that were not aware of the second step of the grievance policy.

Though Major Harris prepared an affidavit alleging that handbooks were in each cell, he did not refute Plaintiff's testimony that pages were missing.[3] Further it is Plaintiff's position that this was the rationale that the Defendant or Major Harris's passed out the handbooks on 13 August, 2011. It was Plaintiff's intent to show that Defendant's and Major Harris's respect for persons right to be inform of the law by showing the court that even after attempting to give inmates the rules the inmates are required to agree to pay an unreasonable fee of $15.00 if the book is not returned. So presently many inmates do not have handbooks or is there a copy posted in the units.[4] Plaintiff does not know how to get that information.

Plaintiff alleges that no second step of Walton County's grievance procedure ever exist. He testified that he had filed at least three appeals for himself and at least four for other inmates with no response. See pg 35 of Doc 68-5. Further within this court's records in a case Qwantana Smith v. Officer Morrison and Officer Dowis and Major Wade Harris, which Plaintiff prepared in behalf of Smith, in regards to this facility's practice of tazing inmates restrained in handcuffs and now aggressive while in handcuff, is a response to an attempted appeal of a grievance wherein Lt Elliott stated "Your grievance has been answered once I won't answer it again." "Submitting frivolous requests or grievances and continued requests after your request has been answered is a violation of policy." Thus not only does said response evidence that no second step exist but that it's a violation of the rules to seek a second review.[5]

Plaintiff alleges that the Defendant's justification for summary judgment is not a rationale given in the administrative record in this instance. Clearly Lt. Elliott's response on Doc 5-1 has nothing to do with the claims in this matter. Thus Major Harris's statements and defenses used by the Plaintiff are ad hoc and impermissible in this matter.

Alternatively nothing in Major Harris's Affidavit as used the defendant is sufficient to warrant summary judgement in the defendant's favor. Though Harris's Affidavit include the informations and indicates of paragraphs 10 through 16 there are no factual or statistical premises for his nude conclusions. Undoubtably the 400 regularly housed inmates all do not correspond by letters or post cards. Now has Harris's Affidavit included any prior incidents or rationale to support a future conclusion that the permitting of letters would be significantly burdensome for both the WCOC staff and its inmates.

Defendant's ~~actions~~ have been and are attempting to continuously abridge and destroy Plaintiff's guarantee of privacy and expression as guaranteed him the First Amendment of the U.S. Constitution and his absolute personal rights of liberty and security as guaranteed Art.1, Sec.1, Par.1 of Georgia's Constitution and Art.1, Sec.1, Par.IX of said constitution enforceable against the Defendant through the 14th Amendment and Art.IV, Sec.V, Par.1 of the U.S. Constitution with no rationale as demanded by law to do so.

And though the Defendant points to some notice of censorship given to inmates in regards to the inmates correspondence neither does said testimony provide evidence that such was done in Plaintiff's case or that it exists. It is Plaintiff's position that such notice of censorship does not exist.[6]

Therefore because the record does not support the defendant's ~~relief~~ requested relief ~~this~~ it must be denied.[7]

WHEREFORE Plaintiff requests that the defendant's request be denied, the

PLRA held unconstitutional and he be granted his trial with jury to be determined the liability of the defendant for $12 Million dollars. Also provide any other relief deemed just.

Respectfully Submitted

Executed this ___ day of April, 2012                M. Rufus

NOTE(S)

1. See Unsworn Declaration of Michael Alonza Rufus (Declaration) par. 2 thru 6
2. See Declaration par. 6
3. See ~~declaration par~~ Deposition pg. 33 Doc 68-5
4. See Attachment "Response of Defendant Sheriff Joseph J. Chapman to Plaintiff's request for discovery" (Discovery) Request No. 1.
5. See Declaration par. 10 thru 12
6. See Declaration par. 14
7. See Discovery Request No. 4. Plaintiff is not provided no evidence to support the Defendant's position because none exist.