IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MICHAEL ALONZA RUFUS, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 3:11-CV-74 (CAR) |
| JONATHAN CHAPMAN, | : | |
| Defendants. | : | Proceedings Under 42 U.S.C. § 1983<br>Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant Jonathan Chapman alleging that Plaintiff Michael Alonza Rufus failed to properly exhaust his administrative remedies prior to filing the instant action. Doc. 68. Because Plaintiff failed to appeal his grievance while incarcerated at the Walton County Jail, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**.

Also before the Court are several motions filed by Plaintiff including: Motion for Permanent Injunction (Doc. 47), Motion for Recusal (Doc. 50), Motion Challenging the Constitutionality of Statutes (Doc. 54), and Motion for Preliminary Injunction (Doc. 55). Additionally, Defendant has filed a Motion to Dismiss for Mootness (Doc. 74). In view of the Court's Recommendation to dismiss Plaintiff's action for failure to exhaust his administrative remedies, it is further **RECOMMENDED** that these motions be **DENIED** as moot.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 31, 2011, Plaintiff, proceeding pro se, filed the above-styled action alleging, *inter alia*, that Defendant Jonathan Chapman violated his First Amendment rights because the Walton County Jail (WCJ) instituted a postcard-only inmate mail policy. Doc. 1. Following a

1

frivolity review pursuant to 28 U.S.C. § 1915A, the Court dismissed all of Plaintiff's claims except for his claim regarding the postcard-only mail policy. Doc. 21. On March 20, 2012, Defendant filed the instant Motion to Dismiss. Doc. 68.

## DISCUSSION

The record in this case shows that Plaintiff failed to appeal his grievance regarding the postcard-only mail policy at the WCJ. Because the WCJ's grievance procedure requires an inmate to file an appeal in the event that he is unsatisfied with the response to his grievance, and because Plaintiff did not file an appeal in this case, Plaintiff failed to exhaust his administrative remedies.

The Prison Litigation Reform Act (PLRA) mandates that an incarcerated plaintiff must exhaust all of his available administrative remedies before bringing any action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). Further, the PLRA requires the proper exhaustion of administrative remedies, and a prisoner cannot satisfy the exhaustion requirement by filing a procedurally defective administrative grievance. See Woodford v. Ngo, 548 U.S. 81 (2006). Claims that are not properly exhausted must be dismissed. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999). The Eleventh Circuit has made it clear that the exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a defendant raises the affirmative defense of failure to exhaust administrative remedies, the review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the

plaintiff's version of the facts as true. Id. at 1082. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the compliant is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At the second stage of the analysis, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

Because there is a dispute between the parties regarding Plaintiff's grievances, this case must be resolved at the second stage of the Turner analysis. In support of his motion to dismiss, Defendant has submitted relevant portions of the Walton County Sheriff's Office Inmate Handbook, Defendant's affidavit, and Major Wade Harris' affidavit. Docs. 66-2, 66-4, 66-6. The grievance procedure detailed in the Inmate Handbook requires that "[a]ll grievances **must fully** describe the factual basis and circumstances [of] the alleged incident or situation, include a specific complaint and be signed by staff members when picked up." Doc. 66-6. The grievance procedure goes on to state that "[u]pon receiving formal response to the grievance, the inmate has (3) calendar days to accept the findings of the action taken, and so acknowledge by signature, or appeal to the Detention Commander or his/her designee. If the inmate appeals the decision, he is to provide written reasons [on] the grievance from and return it to the grievance deputy." Id. Defendant and Major Harris testify that a copy of the inmate handbook was available in each cell.

It is uncontested that Plaintiff filed a grievance titled "Deprivation/Abrigement of access to courts, family association, etc. by mail restrictions." Doc. 5-1. It is also uncontested that Plaintiff did not file an appeal to the jail officer's response to his grievance regarding the mail

restrictions. Pl.'s Dep. at 35, 36, 42, 43, 46 (Doc. 68-5). Plaintiff, however, alleges that he was not aware that the grievance policy contained a second step requiring that inmates file an appeal.[1] Doc. 70. Plaintiff states that although the Inmate Handbook was posted in his cell, the pages containing the grievance procedure were missing. The Court does not find Plaintiff's testimony credible. Plaintiff admits that he filed "at least three appeals for himself and at least four for other inmates…." Id. Plaintiff was therefore aware of the need to file an appeal. To the extent that Plaintiff argues that filing an appeal in this case would have been futile, his argument is without merit. See Alexander, 159 F.3d at 1326.

The evidence shows that the WCJ had a grievance procedure in place requiring inmates to appeal dissatisfied grievances, that Plaintiff was aware of the WCJ's grievance procedure, and that Plaintiff failed to file an appeal to his grievance regarding his claim. Because Plaintiff failed to appeal his grievance, Plaintiff did not properly exhaust his administrative remedies. As such, Plaintiff's claim must be dismissed.

## CONCLUSION

Because the evidence in the record shows that Plaintiff failed to exhaust his administrative remedies regarding his claim that the WCJ's postcard-only mail policy is unconstitutional, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**. It is further **RECOMMENDED** that Plaintiff's Motion for Permanent Injunction, Motion for Recusal, Motion Challenging the Constitutionality of Statutes, and Motion for Preliminary Injunction, as well as Defendant's Motion to Dismiss for Mootness be **DENIED** as moot. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this

---

[1] Plaintiff also makes numerous challenges to the constitutionality of the exhaustion requirements of the PLRA. These challenges are without merit. See generally Woodford, 548 U.S. 8.1

**RECOMMENDATION** with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

    **SO RECOMMENDED**, this 9th day of August, 2012.

                                             s/ Charles H. Weigle_____
                                             Charles H. Weigle
                                             United States Magistrate Judge