IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MICHAEL ALONZA RUFUS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 3:11-CV-74 (CAR) |
| JONATHAN CHAPMAN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

ORDER ON RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff Michael Alonza Rufus' Motion to Change Venue
[Doc. 79] and the United States Magistrate Judge's Recommendation [Doc. 77] to grant
Defendant Jonathan Chapman's Motion to Dismiss [Doc. 68] and deny the parties'
remaining motions as moot: Plaintiff's Motion for a Permanent and a Preliminary
Injunction [Docs. 47 & 55], Motion for Recusal [Doc. 50], and Motion Challenging the
Constitutionality of Statutes [Doc. 54], and Defendant's Motion to Dismiss for
Mootness [Doc. 74], thereby dismissing Plaintiff's case in its entirety.

Having considered Plaintiff's objections and investigated the matters *de novo*
and, for the reasons set forth below, the Court agrees with the Magistrate Judge's
ultimate conclusion to grant Defendant's Motion and dismiss the instant action,

although for different reasons.  The Court also agrees with the Magistrate Judge's recommendation to deny as moot the parties' pending motions, save Plaintiff's Motion for Recusal [Doc. 50] which the Court denies on the merits.  Accordingly, the Magistrate Judge's Recommendation [Doc. 77] is **ADOPTED in part**, Defendant's Motion to Dismiss [Doc. 68] is **GRANTED**, and the parties' Motions [Docs. 47, 54, 55, & 74] are **DENIED as MOOT**.  Plaintiff's Motion for Recusal [Doc. 50] and Motion to Change Venue [Doc. 79] are **DENIED**.

Plaintiff was incarcerated in Walton County Detention Center ("WCDC") in Monroe, Georgia, at the time of the events giving rise to his complaint filed May 31, 2011.  Having previously dismissed his other claims, Plaintiff's only remaining claim is his 42 U.S.C. § 1983 claim that Defendant violated his First Amendment rights by instituting a post-card only inmate mail policy at WCDC.  Before considering the Recommendation of the Magistrate Judge, the Court first considers Plaintiff's Motion to Change Venue Plaintiff filed fourteen days after he submitted his objection.

## Motion to Change Venue

In his Motion to Change Venue, Plaintiff requests that this action be prosecuted in a "district court" and cites 28 U.S.C. § 1343(a)(3) and (4),[1] for support.  However, Plaintiff's action is before a district court, and thus, Plaintiff's argument to change

---

[1] Section 1343 gives district courts original jurisdiction of civil rights actions.  28 U.S.C. § 1343.

venue on this ground is moot.  To the extent Plaintiff requests a change in venue

pursuant to 12 U.S.C. § 1392, such a request is also denied.

Section 1392, the general federal venue provision, states that a litigant may

bring a civil action in "a judicial district where any defendant resides … [or] a judicial

district in which a substantial part of the events or omissions giving rise to the claim

occurred…."[2] Here, it is undisputed that the events giving rise to Plaintiff's complaint

occurred at WCDC in Walton County, Georgia, which is located in this District and

Division, and involved prison officials working at WCDC.  Notably, Plaintiff has made

no allegations that any events or omissions giving rise to the complaint filed in this

District occurred within any municipality or county encompassed by another district.

The Court also notes that by the time Plaintiff filed the instant Motion, Defendant's

Motion to Dismiss had been filed, fully briefed, and ruled upon by the Magistrate

Judge.  Thus, a transfer of venue on grounds for *forum non conveniens* —convenience of

the witnesses and parties—is not applicable here.[3]   Accordingly, it appears that

Plaintiff is seeking a transfer of venue simply because he believes that he will get a

more favorable ruling elsewhere.  Plaintiff's Motion to Change Venue [Doc. 79] is

therefore **DENIED**.

---

[2] 12 U.S.C. § 1391(b).

[3] The *forum non conveniens* clause considers that even where venue is already proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

## Recommendation of the Magistrate Judge

In the Recommendation, the Magistrate Judge found that Plaintiff failed to appeal the denial of his grievance, as is required in the WCDC Inmate Handbook (the "Handbook"), and therefore Plaintiff did not exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA").[4]

The PLRA requires that no action under § 1983 may be brought by a prisoner "until such administrative remedies as are available are exhausted."[5]  Exhaustion means that the prisoner must complete the administrative review process and follow all procedural rules, including deadlines.[6]  Section 1997e(a) eliminates judicial discretion and mandates strict exhaustion, "irrespective of the forms of relief sought and offered through administrative avenues."[7]

In deciding exhaustion issues, the Court must engage in a two-step analysis, first looking to the facts behind the exhaustion arguments, as well as to the plaintiff's response.[8] If, when the plaintiff's version of the facts is taken as true, the complaint is

---

[4] 42 U.S.C. § 1997e(a).

[5] *Id*.

[6] *Mason v. Bridger*, 261 F. App'x 225, 228 (11th Cir. 2008).

[7] *Johnson v. Meadows*, 418 F.3d 1152, 1154 (11th Cir. 2005) (citing *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)).

[8] *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

not subject to dismissal, a court must "make specific findings in order to resolve the disputed factual issues related to exhaustion."[9]

Here, the Magistrate Judge engaged in the second step of the *Turner* analysis and found Plaintiff's contention that he was unaware of WCDC's grievance procedure lacked credibility. The Magistrate Judge based this finding on Plaintiff's admission in his deposition that he filed other appeals for himself and other inmates. In his Objection, Plaintiff maintains that the Magistrate Judge misread his deposition.

After reviewing Plaintiff's deposition,[10] the Court agrees with Plaintiff that his testimony does not support the Magistrate Judge's cited reason for finding Plaintiff lacked credibility. Plaintiff testified that he appealed grievances <u>after</u> he initiated the instant action, and he never filed an appeal prior to filing this lawsuit.[11] Thus, the Court finds this testimony fails to support a conclusion that Plaintiff was aware of the grievance procedure when he filed the instant action. Nevertheless, and premised on

---

[9] *Id.*

[10] In a motion to dismiss, "[a] district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record." *Singleton v. Dept. of Corrs.*, 323 F. App'x 783, 785 (11th Cir. 2009) (citing *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)). Here, whether Plaintiff was aware of the appeals procedure is a disputed fact at issue. In addition, Defendant attached an affidavit and Plaintiff's deposition and exhibits in support of his Motion. Thus, Plaintiff had ample time to develop the record. *See id.* (concluding that district court properly looked beyond pleadings to resolve exhaustion issue when pleadings, affidavits, and exhibits were filed).

[11] *See* Rufus Dep. 35:1-22 [Doc. 68-5 at 35].

different reasons, the Court agrees with the Magistrate Judge's ultimate conclusion regarding Plaintiff's credibility.

To begin, Defendant has submitted the affidavit of Wade Harris, commander of WCDC.  Harris attests that a copy of the Handbook was posted in each cell when Plaintiff was received at WCDC, and every inmate, including Plaintiff, was notified of this posting upon arrival.  Defendant also submitted a form that Plaintiff signed upon arriving at WCDC on March 2, 2011, close to three months before filing the instant suit.  Plaintiff's signature on this form acknowledges that he was notified that a copy of the Handbook was posted in each cell.

To that end, the Court rejects Plaintiff's argument that writing "UCC 1-207" on the form after his signature lawfully reserves his right to "[b]asically say[ ] that [he] sign[ed] a document but [does] not agree[ ] with everything that's on it."[12]  Read in conjunction with Plaintiff's belief that he is of a "private character status"[13] and that he is a sovereign citizen not within the jurisdiction of this Court, it appears Plaintiff believes he is somehow preserving his common law rights by referencing the Uniform

---

[12] *Id*. at 51:10-11 [Doc. 68-5].

[13] In his Objection, Plaintiff "resubmits his original claim only with the clarification that his claims are upon the ground of the PLRA's application to him in his private character status as stated throughout this case but unlawfully disregarded by this court." [Doc. 78 at 3].  However, the PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002*).*  Here, Plaintiff qualifies as a "prisoner" for purposes of the PLRA, and thus, the exhaustion requirement of the PLRA accordingly applies to the instant action.

Commercial Code ("U.C.C.").   Notwithstanding, Plaintiff's argument is "patently without merit."[14]  The U.C.C. applies to "transactions in goods,"[15] and Plaintiff has not alleged the occurrence of any "transactions in goods" with Defendant, much less how any transaction may have violated the U.C.C. Accordingly, the Court concludes that Plaintiff did not preserve anything by signing his name in such a manner.[16]

Moreover, Plaintiff's assertion that the Handbook was missing the page detailing the grievance and appeals policy begs the obvious question: if Plaintiff was unaware of the grievance procedure, how then did he know to file the underlying grievance?   Plaintiff's vague explanation that he garnered this knowledge by just "basically … being incarcerated" is inadequate.[17]  Moreover, Plaintiff testified that he was aware that a page was missing and that at some point he asked an officer about it. However, Plaintiff's testimony does not indicate that he ever took any affirmative steps to rectify the situation, despite the fact that he knew to file grievances.   This determination also weighs against his credibility.  Accordingly, the Court concludes that Plaintiff's representation that he was unaware of the appeals process lacks credibility.  Thus, the Court agrees with the Magistrate Judge's ultimate determination

---

[14] *United States v. Mitchell*, 405 F. Supp. 2d 602, 604 (D. Md. 2005) (rejecting criminal defendant's challenge to jurisdiction and noting his use of U.C.C. provisions to be "unusual—if not bizarre").
[15] U.C.C. § 2-102.
[16] *See, e.g., Estes-El v. Dumoulin*, No. 6-cv-2528 (JFB)(WDW), 2012 WL 1340805, at *7 (E.D. N.Y. 2012) (finding plaintiff's arguments regarding the applicability of U.C.C. to be "wholly devoid of merit").
[17] Rufus Dep. 34:2-3 [Doc. 68-5 at 34].

that Plaintiff's contention he was unaware of the grievance procedure lacks credibility. As a result, Plaintiff failed to exhaust his administrative remedies and this case must be dismissed.

Plaintiff also objects to the Magistrate Judge's recommendation to deny as moot his Motion for Recusal [Doc. 50] and asserts that the recommendation "is evidence of the prejudice and partiality identified in [his] motion for recusal."[18]  To the extent that Plaintiff asserts that his Motion should be considered on the merits.  However, as the Court explains below, considering the merits of the Motion does not change the result: the Motion must be denied.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[19]  Any doubt "must be resolved in favor of recusal."[20] When considering recusal, the potential conflict must be considered as it applies to the entire case.[21]  A judge contemplating recusal should not ask whether he believes he is capable of impartially presiding over the case but whether "[the judge's] impartiality might reasonably be questioned."[22]  However, a judge has as strong a duty to sit when

---

[18] [Doc. 78 at 3].

[19] 28 U.S.C. § 455(a).

[20] *See Murray v. Scott,* 253 F.3d 1308, 1310 (11th Cir. 2001).

[21] *Id.* at 1310-11.

[22] *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1524 (11th Cir. 1998).

there is no legitimate reason to recuse as he does to recuse when the law and facts require.[23]

Here, the Court has thoroughly reviewed the record of the instant case and does not find that the Court's impartiality might be questioned based upon the facts cited in Plaintiff's Motion.  Indeed, a substantial if not total basis for Plaintiff's Motion appears to be the Magistrate Judge's and District Court Judge's adverse rulings. However, adverse rulings against a party's position are not grounds for recusal.[24] Therefore, Plaintiff's Motion for Recusal [Doc. 50] is **DENIED**.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Change Venue [Doc. 79] is **DENIED**.  Additionally, the Magistrate Judge's Recommendation [Doc. 77] to grant Defendant's Motion to Dismiss, deny as moot the parties' pending Motions, and dismiss the instant action is **ADOPTED in part**.  The legal conclusions and findings of the Recommendation are hereby **INCORPORATED** and **MADE THE ORDER OF THE COURT** with the exception of (1) the reasoning offered in support for the Magistrate Judge's credibility determination, and (2) the recommendation to deny Plaintiff's Motion for Recusal as moot.  Accordingly, Defendant's Motion to Dismiss

---

[23] *United States v. Malmsberry*, 222 F. Supp. 2d 1345 (11th Cir. 2002) (citation omitted).

[24] *Loranger v. Stierheim*, 10 F.3d 776, 780, 781 (11th Cir. 1994) ("[A]s a general rule, a judge's rulings in the same case are not valid grounds for recusal."  Mere adverse rulings do not constitute the sort of persuasive bias that necessitates recusal.).

[Doc. 68] is **GRANTED**, and the following Motions are **DENIED as MOOT**: Plaintiff's

Motions for a Permanent and a Preliminary Injunction [Docs. 47 & 55] and Motion

Challenging the Constitutionality of Statutes [Doc. 54], and Defendant's Motion to

Dismiss for Mootness [Doc. 74].  Plaintiff's Motion for Recusal [Doc. 50] is **DENIED**.

The instant action is hereby **DISMISSED**.

　　**SO ORDERED,** this 24th day of September, 2012.

<div style="margin-left: 40%">

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

</div>

LMH/ssh