IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MICHAEL ALONZA RUFUS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 3:11-CV-74 (CAR) |
| JONATHAN CHAPMAN, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff Michael Alonza Rufus' Motion for Reconsideration [Doc. 82] of this Court's Order denying Plaintiff's motion to change venue and Plaintiff's motion for recusal and granting Defendant Jonathan Chapman's motion to dismiss [Doc. 80]. Plaintiff, currently incarcerated, filed suit against Defendant alleging that Defendant violated his First Amendment rights by instituting a post-card only inmate mail policy. The Court ultimately dismissed Plaintiff's action upon concluding that Plaintiff had failed to exhaust his administrative remedies under the Prison Litigation and Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

Now, Plaintiff "submit[s] informations [sic] that can be deemed a request for reconsideration but is ultimately presented in establishing he does not agree with or accept the ruling." In support of his request, Plaintiff spends a considerable time

rehashing his assertion that he is a sovereign citizen and that the Court's decision to dismiss the instant action demonstrates grounds for recusal. Having considered Plaintiff's Motion, it is clear no grounds exist for reconsideration in this case.

"Motions for reconsideration should be granted only if: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice." "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined."[2] Inasmuch, "[c]ourt opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."[3] Here, Plaintiff's Motion fails to meet any of the standards discussed above and is utterly without merit. Accordingly, Plaintiff's Motion for Reconsideration [Doc. 82] is **DENIED**.

**SO ORDERED,** this 11th day of October, 2012.

                                              S/ C. Ashley Royal
                                              C. ASHLEY ROYAL
                                              UNITED STATES DISTRICT JUDGE

LMH

---

[1] *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005).

[2] *Id*. (quoting *Am. Ass'n of People with Disabilities v. Hood*, 278 F.Supp.2d. 1337, 1340 (M.D. Fla. 2003) (quotation and citation omitted).

[3] *Id*.